UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHAEL T. GAMBEL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | No. 17-3098 |
| | * | |
| ELI W. TULLIS, JR. | * | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Defendant Eli W. Tullis, Jr.'s motion to dismiss. Rec. Doc. 5. Plaintiff opposes the motion. Rec. Doc. 6. The Court held oral argument on the matter on July 19, 2017. Having considered Defendants arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

I. BACKGROUND

This cases arises from a disagreement between the co-managers of Ragweed, LLC ("Ragweed") regarding whether the company was dissolved by consent of its members. Rec. Doc. 1. Plaintiff Rachael T. Gambel, a Louisiana resident, is a manager-member of Ragweed, a Louisiana company. Rec. Doc. 1 at 3. Defendant Eli W. Tullis, Jr., an Illinois resident, is also a member-manager of Ragweed. Rec. Doc. 1 at 3. Ragweed was established by Debroah and Eli Tullis, Sr., who distributed shares of the company among their children and various heirs. Rec. Doc. 1 at 7.

Ragweed is an investment vehicle with mostly cash assets that Plaintiff invested and managed for the benefit of the members. Rec. Doc. 1 at 6. Ragweed is not governed by an operating agreement, but the company's Articles of Organization specifically prohibits a member from receiving a distribution upon withdrawal or resignation from the company. Rec. Doc. 1 at 6. A member who wishes to cease involvement in the company may transfer his or her shares to

another member. Rec. Doc. 1 at 6.

Plaintiff agreed to a distribution of the company's assets to any member who requested one. Rec. Doc. 1 at 2; Rec. Doc. 6 at 2. Defendant disagreed with the distribution, citing the objection of the elder Tullis. Rec. Doc. 1 at 7. In January 2017, Plaintiff called for a special member meeting at which the company's members voted, in proportion to their percentage of shares and some by proxy, to dissolve the company. Rec. Doc. 1 at 2. In March 2017, however, Defendant continued to object to the dissolution of the company and, with majority support of Ragweed's members, voted to nullify the January vote. Rec. Doc. 1 at 2. Plaintiff believes that she is authorized and obligated to dissolve the company and distribute the funds as a result of the January special member meeting vote. Rec. Doc. 1 at 11.

Plaintiff argues that Louisiana law prevents Defendant from blocking dissolution of the company and the distribution of its funds after members voted in January. Rec. Doc. 1 at 13. Plaintiff seeks a declaratory judgment from this Court that Ragweed was dissolved during the special member meeting in January 2017. Rec. Doc. 1 at 13. Plaintiff asserts that because Ragweed has no written operating agreement, it can be dissolved with the consent of its members through a majority vote. Rec. Doc. 1 at 12 (citing LSA R.S. § 1334 (2) and LSA R.S. § 12:1318B.(1)). Plaintiff further contents that Defendant's resolution attempting to nullify the vote is ineffective because neither Ragweed's Articles of Organization nor Louisiana law allows a manager or member to adopt a resolution nullifying an earlier dissolution vote. Rec. Doc. 1 at 13. Plaintiff seeks a declaration that the company was dissolved by consent of its members, such that she may distribute the company's funds and wind up its affairs. Rec. Doc. 1 at 15, 16. Alternatively, Plaintiff seeks judicial dissolution of Ragweed pursuant to Louisiana Revised Statute § 12:1335, which allows for a court to dissolve a limited liability company when it is no

longer reasonably practical for the company to continue conducting business in accordance with its articles of organization. Rec. Doc. 1 at 13-15.

## II. PRESENT MOTION

### A. Defendant's Motion to Dismiss

Defendant proffers three arguments in support of a motion to dismiss. First, Defendants moves to dismiss Plaintiff's claim, alleging that she failed to adequately plead facts that demonstrate her authority to dissolve Ragweed. Rec. Doc. 5 at 1. Second, Defendant alleges that judicial dissolution is unwarranted because Plaintiff failed to adequately show that the members of Ragweed are in deadlock. Rec. Doc. 5-1 at 23. Third, Defendant moves to dismiss Plaintiff's claims for failure to join necessary and indispensable parties – including Ragweed and other members. Rec. Doc. 5-1 at 4. Each of these arguments will be set forth with more specificity in turn.

#### 1. Status of Ragweed

Defendant argues that Plaintiff failed to state a claim that warrants a judicial declaration that Ragweed was dissolved by the consent of its members. According to Defendant, Plaintiff attempted to liquidate the company against the wishes of the majority of members by invalidly obtaining proxy votes, scheduling the special member meeting at an inconvenient time and place, and failing to notify members of the meeting. Rec. Doc. 5-1. Specifically, Defendant avers that Plaintiff never obtained consent to dissolve the company because the proxies held by Plaintiff and her sister were invalidly obtained from a trustee rather than from the beneficiaries of the trust. Rec. Doc. 5-1 at 3, 20. Defendant also argues that while members can vote by proxy, a proxy vote is valid only so long as it is not challenged before the vote occurs. Rec. Doc. 5-1 at 19 (citing La. Rev. Stat § 12:1318(E)(4)). Defendant argues that the proxy votes were invalid because he

challenged their validity at the special member meeting before the vote took place, and therefore Ragweed was not dissolved by consent of its members. Rec. Doc. 5-1 at 20.

Defendant alternatively argues that even if the initial vote was valid, the consent was withdrawn before she could effectively dissolve the company. Rec. Doc. 5-1 at 18. Defendant notes that the invalid consent was withdrawn when a majority of members adopted a resolution in March to nullify the approval. Rec. Doc. 5 at 3. Plaintiff never filed the necessary paperwork to dissolve the company before the resolution was issued: a certification of dissolution was never issued by the Secretary of State. Rec. Doc. 5 at 3 (citing La. Rev. Stat. § 12:1340(C)). Because no such certificate has been issued, nor have any of the requisite steps for dissolution been completed, Defendant argues that Ragweed remains in existence. R. Doc. 5-1 at 22.

### 2. Judicial Dissolution

Defendant contends that Plaintiff's claims are too vague to warrant judicial dissolution of Ragweed. Rec. Doc. 5-1 at 4. Defendant argues that the requirements for judicial dissolution are narrowly prescribed, and Plaintiff's complaint is too broad to justify the dramatic intervention of the Court into the company's operation. Rec. Doc. 5-1 at 4. Noting that Plaintiff's sole reason for seeking judicial dissolution is the inability of the co-managers to decide whether the company should be dissolved, Defendant argues that Plaintiff's conclusory allegations do not warrant the intervention of the Court. Rec. Doc. 5-1 at 22. Defendant also notes that while Louisiana courts have judicially dissolved companies whose members are evenly split over future operation, the majority of Ragweed members are opposed to dissolution, and thus judicial dissolution is inappropriate. Rec. Doc. 5-1 at 23.

### 3. Failure to Join

Defendant further argues that Plaintiff failed to join necessary and indispensable parties

pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rec. Doc. 5-1 at 4. In particular, Defendant notes that Ragweed is a company with 25 members, but only one member is named as a defendant in this suit. Rec. Doc. 5-1 at 4. Defendant argues that Ragweed and the other members are necessary parties, but because they would destroy diversity jurisdiction, the action should be dismissed by this court pursuant to Rule 12(b)(7) and Rule 19. Rec. Doc. 5-1 at 4. According to Defendant, Ragweed and the additional members are necessary parties because it would be impossible for this Court to provide complete relief without them and because a judicial determination would affect their interests. Rec. Doc. 5-1 at 24.

### B. Plaintiff's Reply

Plaintiff opposes Defendant's Rule 12(b)(6) motion and argues that she has provided sufficient factual allegations to support her claims. Rec. Doc. 6. First, Plaintiff alleges that consent to dissolve the company was validly demonstrated at the special member meeting, and that she sufficiently began to wind up the company's affairs following the vote. Rec. Doc. 6. Second, Plaintiff argues that the managerial difficulties of operating Ragweed warrant judicial dissolution. Rec. Doc. 6 at 17. Third, Plaintiff challenges Defendant's 12(b)(7) motion, demonstrating that the joinder of additional parties would be unnecessary.

#### 1. <u>Status of Ragweed</u>

Plaintiff argues that Ragweed was dissolved by the consent of its members. Rec. Doc. 6 at 8. Citing Louisiana Revised Statute § 12:1334, Plaintiff contends that a company can be dissolved by the consent of its members. Rec. Doc. 6 at 9. Revised Statute § 12:1318 specifically provides that a company is dissolved when the majority of members vote in favor of dissolution. Rec. Doc. 6 at 9. Thus, Plaintiff argues that Ragweed was dissolved as a result of the January special member meeting vote, in which every member voted in person or by proxy. Rec. Doc. 6

5

at 9.

Plaintiff rebuts Defendant's argument that the proxies were invalidly obtained and denies that her motivations for wanting to dissolve Ragweed bear any relevance on the legality of her actions. Rec. Doc. 6 at 11. Plaintiff maintains that the manner in which she obtained proxies from the trustee was appropriate because under Louisiana law, title to property held in a trust vests in the trustee and not in the beneficiaries. Rec. Doc. 6 at 12 (citing *Reynolds v. Reynolds*, 388 So. 2d 1135, 1139 (La. 1979)). Thus, it is irrelevant whether the beneficiaries knew about the meeting, agreed to dissolution, or even agreed to the trustee giving proxy to Plaintiff. Rec. Doc. 6 at 12. Regarding Defendant's argument that the proxy votes were invalid because he challenged them and was unresolved before the meeting, Plaintiff contends that whether the trustee's proxy vote was valid is a factual question to be resolved. Rec. Doc. 6 at 15. Thus, a Rule 12(b)(6) motion is inappropriate. Rec. Doc. 6 at 15.

Morever, Plaintiff challenges Defendant's argument that members were provided with inadequate notice of the special member meeting. Rec. Doc. 6 at 11. Plaintiff argues that the notice was properly sent to all members entitled to a vote, and notes that each member was given the option to personally appear or to issue a proxy vote. Rec. Doc. 6 at 12. Plaintiff argues that because the beneficiaries of the member-trust were not individual members, they were not entitled to receive notice of the meeting. R. Doc. 6 at 12.

More importantly, Plaintiff argues that Defendant's March resolution did not effectively nullify the dissolution vote. Rec. Doc. 6 at 10. While Defendant argues that consent was withdrawn before Plaintiff began to wind up the company's affairs, Plaintiff notes that her complaint demonstrates the steps she took towards wind up and liquidation. Rec. Doc. 6 at 17. Plaintiff argues that since Ragweed has no operating agreement and the Articles of Organization

6

are silent regarding the wind up process, the proper procedure is found in the relevant Louisiana statutes, which do not provide any mandate on when the dissolution process begins or ends. Rec. Doc. 6 at 16. Plaintiff notes that she communicated with the company's accountant and requested tax documentation to being the wind up process. Rec. Doc. 6 at 16. Plaintiff alleges that the company was statutorily dissolved as a result of the January vote, and that the legal effect of dissolution was unaffected by the failure to fully wind up the company's affairs. Rec. Doc. 6 at 16, 17.

### 2. Judicial Dissolution

Plaintiff argues that judicial dissolution is appropriate if this Court finds that the special member meeting vote did not achieve that effect. Rec. Doc. 6 at 17. In particular, Plaintiff rebuts Defendant's allegations that there is not enough of a deadlock to warrant judicial intervention because dissolution by the Court is appropriate when it is "not reasonably practical" for the managers of a company to continue their business. Rec. Doc. 6 at 18 (citing LSA-R.S. § 12:1335).

### 3. Failure to Join

Plaintiff argues that Defendant failed to factually demonstrate that the absence of another party is necessary to the resolution of Ms. Gamble's claim. Rec. Doc. 6 at 22. Plaintiff notes that complete relief can be granted to the existing parties in the absence of others because Plaintiff simply seeks a declaration of her rights and obligations. Rec. Doc. 6 at 20 (citing *Pulitzer-Polster v. Pulitzer*, 784 F. 2d 1305, 1309 (5th Cir. 1986)). Additionally, Plaintiff avers that a determination by this Court would not affect the interest of the non-joined parties or prevent them from protecting their interests. Rec. Doc. 6 at 21. Supporting this point, Plaintiff notes that the absent parties interests will be adequately represented by the existing parties. Rec. Doc. 6 at 21. Further, Ragweed need not be joined because under Louisiana law, a corporation does not have a

membership interest in the company. Rec. Doc. 6 at 22.

Plaintiff also argues that the joinder of these absent parties would be feasible because diversity jurisdiction would not be destroyed. Rec. Doc. 6 at 22. Although the trusts were formed in Louisiana, a trust's citizenship is based on the trustee's domicile. Because Defendant, domiciled in Illinois, now serves as the trustee, the trusts are domiciled in Illinois as well. Rec. Doc. 6 at 23. Plaintiff further argues that Ragweed would merely be a nominal party because the parties with a real interest in the litigation are the actual members of the company, and courts often disregard the citizenship of nominal parties for the sake of diversity jurisdiction. Rec. Doc. 6 at 24.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

The Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Considering a Rule 12(b)(6) motion, a court views all the well-pleaded facts "in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. V. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal is not appropriate if a plaintiff "plead[s] sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court must accept the complaint's factual allegations as true and must construe those facts in the light most favorable to the nonmoving party. *Id.* However, a court "doe[s] not accept as true conclusory allegations, unwarranted factual inferences, or legal

conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

    **B.**    **Rule 12(b)(7)**

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. Fed. R. Civ. P. 19(a); *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder" (citations omitted)). It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. Fed. R. Civ. P. 19(b); *Pulitzer–Polster*, 784 F.2d at 1308.

Rule 12(b)(7) analysis entails two inquiries under Rule 19. First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. *Id.*; *see HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1359, at 425 (2d ed. 1990). Factors to consider under Rule 19(b) include "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing Fed. R. Civ. P. 19(b)); *see also* 5A Wright & Miller, Federal Practice & Procedure § 1359, at 426 ("The burden is on the moving

9

party to show the nature of the unprotected interests of the absent parties."). The burden of persuasion is on the movant. *See Morgan v. Coushatta Tribe of Indians of Louisiana*, 214 F.R.D. 202, 206 (E.D. Tex. 2001).

### C. Statutory Interpretation in Louisiana

Divining legislative intent is the "fundamental question in all cases of statutory interpretation." *In re: Succession of Boyter*, 756 So.2d 1122, 1128 (La. 2000) (citing *Fontenot v. Chevron U.S.A., Inc.*, 676 So.2d 557 (La. 1996). As the Louisiana Supreme Court notes: "Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for legislative intent." *Id.* Thus, courts engage in statutory interpretation in order to ascertain and enforce the legislature's intent in passing a law, using the canons of statutory construction as a guide. Courts glean the meaning of a law by considering the law in its entirety and in relation to all other laws involving the same subject matter, in a manner "consistent with logic and the presumed fair purpose and intention of the legislature in passing it." *Id.* (citing *Rodriguez v. Louisiana Med. Mut. Ins. Co.*, 618 So.2d 390 (La. 1993)).

When a law's meaning could be subject to different interpretations, the court must first consider the plain text of the statute because "the text of the law is the best evidence of legislative intent." La. Rev. Stat.§ 24:177(B)(1)). If the plain text is clear and unambiguous on its face, and applying the statute in that fashion does not lead to absurd results, it must be applied as written. *Id.* Thus, if "the statute's language is plain, 'the sole function of the courts' is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 236, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). Courts must give effect to all parts of a statute, taking care not to render any words of provisions superfluous or meaningless. *Boyter*, 756 So.2d at 1128 (citing *First Nat'l Bank of Boston v. Beckwith Mach. Co.*, 650 So.2d 1148 (La.

1995)). The plain text must be interpreted in accordance with the generally prevailing meaning of the words, and the meaning may be gleaned from other statutes concerning the same subject matter. *Theriot v. Midland Risk Insurance Company*, 649 So.2d 184 (La. 1997) (citing *Succession of Baker*, 129 La. 74 (1911); La. Civ. Code. Art. 11)).

## IV. DISCUSSION

### A. Status of Ragweed, LLC

This case presents the *res nova* issue in Louisiana of whether a limited liability company is dissolved immediately and effectively upon a majority-member vote. There is very little Louisiana jurisprudence interpreting the limited liability statutes, even though the Limited Liability Company Law has been enacted since 1992. *See In re Cat Island Club, L.L.C.*, 2011-1557 (La. App. 3 Cir. 5/2/12), 94 So. 3d 75, 79. In the absence of a final decision by the Louisiana Supreme Court on an issue, this Court must make an "*Erie* guess" and determine how that court would resolve the issue if presented with the same case. *See Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008).

Plaintiff contends that Ragweed LLC was legally and effectively dissolved after members voted in January 2017, whereas Defendant argues that the subsequent vote held in March 2017 nullified the earlier dissolution vote. Plaintiff incorporated both the January and March 2017 resolutions into her Complaint as exhibits. *See generally* Rec. Doc. 1 ("Compl."). Plaintiff does not dispute that the March 2017 occurred; Plaintiff only opposes its legal effect, if any. *See* Compl. at 2; Exh. D. Accordingly, pursuant to Federal Rule of Civil Procedure 10(c), this Court may consider the two resolutions, as attached to Plaintiff's Complaint, in support of Defendant's motion

to dismiss. *See Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 597 (E.D. Tex. 1994); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

Louisiana law provides for statutory dissolution of a limited liability company based on member consent. LSA-R.S. § 12:1334 states:

> Except as provided in the articles of organization or a written operating agreement, a limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following:
>
> > (1) The occurrence of events specified in writing in the articles of organization or operating agreement.
> > (2) The consent of its members in accordance with R.S. 12:1318.
> >
> > . . .
> >
> > (4) Entry of a decree of judicial dissolution under R.S. 12:1335.

LSA-R.S. § 12:1334. Further, LSA-R.S. § 12:1318 states, in relevant part:

> A. Unless otherwise provided in the articles of organization or a written operating agreement, each member of a limited liability company shall be entitled to cast a single vote on all matters properly brought before the members, and all decisions of the members shall be made by majority vote of the members.
>
> B. Unless otherwise provided in the articles of organization or a written operating agreement, a majority vote of the members shall be required to approve the following matters, whether or not management is vested in one or more managers pursuant to R.S.12:1312:
>
> > (1) The dissolution and winding up of the limited liability company.
>
> * * *

LSA-R.S. § 12:1318.

Plaintiff asks this Court to apply a plain reading of the statute and give legal effect to the member's January 2017 vote, which, according to Plaintiff, dissolved Ragweed immediately upon the "consent of its members." And because Ragweed has been "dissolved," Plaintiff contends that the members cannot vote to nullify its prior action. The Court finds such interpretation producing absurd results.

Instead, the Court adopts the Treatise's explanation of when an LLC is legally and effectively dissolved. As Professors Holmes and Morris write, "[t]he events that cause a dissolution under La. Rev. Stat. §§ 12:1334-1335 do not cause the LLC to terminate. They merely begin the winding up process that will later result in such a termination. Only when that process has been completed will the LLC 'dissolve' in the sense that it will no longer exist as a separate juridical person." 8 La. Civ. L. Treatise, Business Organizations § 44.25. To legally terminate a Louisiana LLC, the company must adopt articles of dissolution (La. Rev. Stat. § 12:1339), liquidate the company's business (La. Rev. Stat. § 12:1336), adopt a certificate of dissolution (La. Rev. Stat. § 1340), and file those articles and certificate with the Louisiana Secretary of State (La. Rev. Stat. §§ 1339-40). Under Plaintiff's interpretation, the latter steps specified in the statute would be frivolous if a company is already terminated upon members casting their vote to dissolve. Because "[c]ourts must give effect to all parts of a statute, taking care not to render any words of provisions superfluous or meaningless, *see Boyter*, 756 So.2d at 1128, this Court finds that Ragweed member's January vote, very importantly, *commenced* the process for legal dissolution or termination. It did not, however, terminate the company and relinquish its members of all voting powers. Under Plaintiff's theory, members of the LLC would not even be allowed to vote to adjourn the meeting after they have voted to dissolve the entity. This Court finds that members of an LLC still retain voting authority until the winding up process is completed—when the Louisiana

13

Secretary of State issues a certificate of dissolution. Therefore, the members were entitled to vote in March to nullify actions taken at the January 2017 meeting. Accordingly, Defendant's motion to dismiss is **GRANTED IN PART**, and Plaintiff's claim as to Ragweed's dissolved status is **DISMISSED WITHOUT PREJUDICE**. The validity of the proxies at the January meeting, which Defendant challenges, is thus moot. Nonetheless, the Court will need to assess those votes for determining whether judicial dissolution is warranted; that determination happens after discovery.

  B.  **Judicial Dissolution**

Plaintiff requests this Court to exercise its power to dissolve Ragweed LLC because "it is not reasonably practicable to carry on the business . . . ." Rec. Doc. 6 at 17 (citing LSA-R.S. § 12:1335). Specifically, LSA-R.S. § 12:1335 provides for judicial dissolution of a limited liability company when "[o]n application by or for a member, any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." Involuntary dissolution, however, is a "drastic" remedy and courts reluctantly apply it only when "the limited and specific statutory grounds for that relief are clearly established." *In re Tufts Oil & Gas-III*, 03-1296 (La. App. 5 Cir. 3/30/04), 871 So. 2d 476, 482. Whether judicial dissolution is warranted, nonetheless, is a question of fact, requiring a record to be developed in discovery.

Plaintiff pleads that "Mrs. Gambel and Mr. Tullis cannot agree on Ragweed's future operations, including what distributions should be made to its members." Rec. Doc. 6 at 18. At this initial phase, the Court must take all well-pleaded facts made in Plaintiff's Complaint as true, and view the allegations in the light most favorable to the non-moving party. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) (In considering a Rule

12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'") (internal citation omitted). Accordingly, Defendant's motion to dismiss is **DENIED** as to whether the dispute here requires judicial dissolution.

C. **Failure to Join Necessary Party**

Under Rule 19(b), the Court must weigh four factors in determining whether an absent member is an indispensable party: (1) the extent to which a judgment rendered in the member's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice might be lessened; (3) the extent to which a judgment rendered in the person's absence will be adequate; and (4) the extent to which the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See Harrell & Sumner Contracting v. Peabody Petersen*, 546 F.2d 1227, 1229 (5th Cir. 1977).

Plaintiff requests two remedies from this Court: (1) to declare that Ragweed was legally and effectively dissolved following the January special meeting vote, or in the alternative, (2) to judicially dissolve the LLC. The Court has answered Plaintiff's first question, *see supra* Section IV.A, and reserve judicial intervention for post-discovery, *see supra* Section IV.B.

Ragweed is a family investment vehicle created by the Elder Eli and Deborah Tullis. *See* Rec. Doc. 6 at 2. The Tullises gifted shares or membership interests in Ragweed to their children (Eli W. Tullis, Jr., Garner H. Tullis II, Wesley L.F. Tullis, D. Ashbrooke Tullis, and Rachael T.Gambel), their children's spouses, some of their grandchildren, and to five trusts whose various beneficiaries were Ms. Tullis and four of their grandchildren (Elizabeth Tullis, Sarah T. Larsen, Anna L. Tullis, and Wesley L.F. Tullis, Jr.). *See id.* Ragweed's Articles of Organization named Plaintiff and the Defendant, her brother Eli W. Tullis, Jr., as managers when the company was

15

converted from a corporation to a limited liability company. There are 25 members in Ragweed LLC. Only Eli W. Tullis, Jr. is named as a defendant. *See* Rec. Doc. 1.

Upon balancing the Rule 19 factors, the Court finds that neither judicial declaration nor judicial dissolution here requires joinder of the remaining Ragweed members because their absence would not lead to prejudice. First, the Court finds it appropriate to decide the validity of the March resolution because Defendant represents the members who voted in favor of nullification. Therefore, the absent members' interest and position are adequately advocated before this Court, without concern for "prejudice to an absent party or others in the lawsuit . . . ." *See* Fed. R. Civ. P. 19(b).

Next, as for judicial dissolution, the Court finds that the LLC and other members are not "indispensable" under Rule 19(b). Generally, "[t]here is no prescribed formula for determining in every case whether a person is an indispensable party since that matter can be determined only in the context of particular litigation." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118-19 (1968) ("The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.). A limited liability company does not itself possess a "membership interests" in the company. *See* LSA-R.S. 12:1329. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Wolff v. Wolff,* 768 F. 2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit.").

"Whether a party is 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable[.]" *Acosta v. Master Maint. & Constr. Inc.*, 452 F. 3d 373, 379 (5th Cir. 2006). The Court finds that Ragweed would be a nominal party here because the real parties in interest would be the company members, not the company. Therefore, joinder of Ragweed LLC (a Louisiana company) is not necessary. Moreover, Plaintiff represents, and Defendant does not deny, that the absent members that would be added as plaintiffs are those favoring winding up post dissolution, and absent members that would be added as defendants are those rejecting dissolution. Rec. Doc. 6 at 24. Accordingly, complete diversity remains.

Moreover, the Court finds joinder of all Ragweed members unnecessary for this Court to answer Plaintiff's petition for judicial dissolution, and Defendant has not met his burden to prove otherwise. The relief Plaintiff seeks here does not require all members of Ragweed to participate. Nor will their absence lead to the members' prejudice. To determine whether the company should be judicially dissolved, the Court considers whether it is reasonably practical to carry on the business of the LLC. *See In re Cat Island Club, L.L.C.*, 2011-1557 (La. App. 3 Cir. 5/2/12), 94 So. 3d 75, 79; *see also* La. R.S. 12:1335. That question boils down to whether dissolution is in the best interest of the LLC and its members, such that it is reasonably practical to carry on its business. That factual determination will naturally encompass the viewpoints of all members, and those will be revealed during discovery or trial. The absent members' votes and positions will be accorded with great weight as this Court considers grounds for dissolution. Therefore, the Court does not find that the members' absence will lead to prejudice under Rule 19. Defendant, as a member-manager against dissolution, can adequately represent that position.

## V. CONCLUSION

The appropriate forum for family feuds is rarely in courts—if possible. This Court wishes to intervene only when necessary. Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. The only issue that remains is whether judicial dissolution is warranted, and that determination requires consideration of facts and evidence after completion of discovery.

New Orleans, Louisiana, this 2nd day of August, 2017.

_____
**ELDON E. FALLON**
United States District Judge