**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| RACHAEL GAMBEL | * | CIVIL ACTION |
| VERSUS | * | NO. 17-3098 |
| ELI W. TULLIS, JR. | * | SECTION "L" (4) |

## ORDER AND REASONS

Pending before the Court are cross motions for summary judgment. On the one hand, Defendant requests the Court to affirm a corporation board's vote to remove Plaintiff as a manager. Rec. Doc. 39. On the other hand, Plaintiff asks the Court to void the corporation board's vote to remove her as a manager, arguing that Defendant did not garner the necessary threshold vote for her termination. Rec. Doc. 47. The Court held oral argument on the instant matter on January 31, 2018. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

**I.  BACKGROUND**

This case arises from a disagreement between the co-managers of Ragweed, LLC ("Ragweed"), in which Plaintiff now requests the Court to dissolve the corporation. Rec. Doc. 1. Ragweed was established by Deborah and Eli Tullis, Sr., who distributed shares in the company among their children and various heirs. Rec. Doc. 1 at 7. Plaintiff Rachael Gambel, a Louisiana resident, is (or was) a manager-member of Ragweed, a Louisiana company. Rec. Doc. 1 at 3. Defendant Eli W. Tullis, Jr., an Illinois resident, is also a manager-member of Ragweed. Rec. Doc. 1 at 3.

Ragweed is an investment vehicle with mostly cash assets that Plaintiff invested and managed for the benefit of the members. Rec. Doc. 1 at 6. Ragweed is a LLC governed by the company's Articles of Organization. Rec. Doc. 1 at 1-2. The company has no operating

1

agreement. Rec. Doc. 1 at 2. The Articles of Organization specifically prohibits members from receiving distributions upon withdrawal or resignation from the company. Rec. Doc. 1 at 6. Members who wish to cease involvement in the company may transfer their shares to another member. Rec. Doc. 1 at 6.

A dispute arose between Plaintiff and Defendant concerning the distribution of the company's assets. Plaintiff agreed to distribute assets to any member who requested. Defendant, however, disagreed, citing the objection of Eli Tullis Sr. and his desire to provide his family with investment shares—not cash. Rec. Doc. 1 at 2, 7; Rec. Doc. 39-1 at 4.

### A. Vote to Dissolve Ragweed

In January 2017, Plaintiff called for a special member meeting where the company's members voted, in proportion to their percentage of shares and some by proxy, to dissolve the company. Rec. Doc. 1 at 2.

In March 2017, however, Defendant continued to object to the dissolution of the company and—with majority support of Ragweed's members—voted to nullify the January vote. Rec. Doc. 1 at 2. Plaintiff believes she is authorized and obligated to dissolve the company and distribute the funds as a result of the January special member meeting vote. Rec. Doc. 1 at 11.

Thus, in April 2017, Plaintiff initiated this lawsuit, seeking a declaratory judgment that Ragweed was dissolved by consent of its members and that she may distribute the company's funds and wind up its affairs. Rec. Doc. 1 at 15, 16. Plaintiff argues that the company was properly dissolved based on the vote at the January 2017 special member meeting. *See* Rec. Doc. 1 at 2-3. Alternatively, Plaintiff avers that judicial dissolution should be appropriate if the Court were to find the special member meeting did not achieve that effect. Rec. Doc. 6 at 17. Defendant filed a motion to dismiss, arguing that 18 of the 25 members did not wish to dissolve the company and that the votes at the January 2017 special member meeting were not valid. Rec. Doc. 5-1 at 1.

In August 2017, the Court granted in part Defendant's motion to dismiss. The Court held that Ragweed was not effectively and legally dissolved in January 2017 because the Secretary of State had not issued a certificate of dissolution as required by state law. The Court held: "To legally terminate a Louisiana LLC, the company must adopt articles of dissolution (La. Rev. Stat. § 12:1339), liquidate the company's business (La. Rev. Stat. § 12:1336), adopt a certificate of dissolution (La. Rev. Stat. § 1340), and file those articles and certificate with the Louisiana Secretary of State (La. Rev. Stat. §§ 1339-40)." Afterward, the LLC must obtain a certificate of dissolution from the Secretary of State. The issue remains, however, as to whether judicial dissolution is warranted.

### B. Vote to Remove Plaintiff as Co-Manager

Following the Court's determination regarding the company's status, on October 4, 2017, a special meeting was held by Ragweed's members to consider whether Plaintiff should be removed as manager. Rec. Doc. 39-1 at 1. Eighteen of 25 members, who hold 72-percent of Ragweed's membership interest, voted to remove Plaintiff as a co-manager of Ragweed. Only Plaintiff and Plaintiff's husband, children and sister dissented.

After this vote, Plaintiff amended her complaint, alleging her removal was improper and contradicted the company's Articles of Organization. *See* Rec. Doc. 35 at 3. Specifically, she argues that she cannot be removed without 75-percent of the vote because she is expressly named as a co-manager in the Articles of Organization. Thus, according to Plaintiff, her removal amounts to an amendment of the Articles, which requires a vote of 75-percent of the members.

## II. PRESENT MOTIONS

Before the Court are cross motions for summary judgment concerning the issue of Plaintiff's removal as a co-manager. Defendant moves for partial summary judgment to dismiss the claims in Plaintiff's supplemental and amended complaint. Rec. Doc. 39. Defendant argues

that Plaintiff's removal was proper because 18 out of 25 members, who hold 72-percent of Ragweed's membership interest, voted to remove Plaintiff. Rec. Doc. 39 at 2. Meanwhile, Plaintiff moves for partial summary judgment, arguing that she can only be removed with a vote of 75-percent or more membership interests, and thus her removal should be nulled and voided. Rec. Doc. 47.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable

inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

### B. Louisiana Revised Statutes § 12:1313

Louisiana Revised Statutes § 12:1313 governs the election and removal of managers of limited liability companies in Louisiana. Under § 1313(2), "any or all managers may be removed by a vote of a majority of the members, with or without cause, at a meeting called expressly for that purpose."

## IV. DISCUSSION

At issue is whether Plaintiff was properly removed as co-manager under § 12:1313. Under § 1313, managers of a corporation may be removed by a majority vote "unless otherwise provided in the articles of organization." La. R.S. 12:1313. The clear language of the statute indicates that managers may be removed or elected by a majority unless another method is provided by the articles or operating agreement. In other words, for § 1313 to not apply, the company's Articles of Organization would have to provide another method for removing or electing managers.

Indeed, Louisiana courts have determined that § 1313 does not apply in cases where the Articles of Organization explicitly designates the process for removal. For instance, in *Metro City Redevelopment Coalition, Inc. v. Brockman*, an amendment to the company's Articles of Organization explicitly stated: "Members, by vote of Members holding at least thirty three percent (33%) of the Percentages then held by Members . . . may remove the President then acting." 143 So.3d 495, 502 (La. Ct. App. 1 Cir. 2014). In that case, a majority membership vote was not necessary to remove its president: 33-percent was sufficient. *Id.* at 501.

Furthermore, in *David Mortuary, LLC v. David*, the Louisiana Court of Appeal for the

Third Circuit found that § 1313 applied when a company's Articles of Organization stated that managers "shall serve until his or her resignation or removal." 194 So.3d 826, 830 (La. Ct. App. 3 Cir. 2016). In *David*, even though the co-manager was named in the Articles of Organization, the court held that the board only needed a majority vote to remove a co-manager under § 1313. *See generally id.*

In this case, Defendant argues summary judgment is proper because there is no genuine dispute concerning Plaintiff's removal and suggests that Plaintiff's argument is without legal merit. Rec. Doc. 39. Defendant further argues that Louisiana Revised Statute § 12:1313, which governs the election and removal of managers of limited liability companies, applies. Rec. Doc. 39-1 at 2. Defendant says that because over 60-percent of the membership interests voted to remove Plaintiff, the requirements of the statute were met. Rec. Doc. 39-1 at 12. Additionally, Defendant highlights that both he and Plaintiff are named as *initial* managers in the company's Articles of Organization. Rec. Doc. 39-1 at 10. Defendant argues this designation merely means they were the first to serve as managers of the company, and does not grant them special immunity or heightened standard for removal. Rec. Doc. 39-1 at 10.

Plaintiff, however, suggests that Louisiana Revised Statute § 12:1313 does not apply in this case. Rec. Doc. 47. Plaintiff argues that the statutes governing limited liability companies only apply when the company documents do not address the issue. Rec. Doc. 47-1 at 1. Plaintiff asserts that Ragweed's Articles of Organization addresses the issue of removal with regards to her. Rec. Doc. 47-1 at 9. Because Plaintiff is named in the Articles, she claims that an amendment to the Articles vote is required for her removal, a vote that requires at least 75-percent of its membership interest.

Article III of the company's Articles of Organization states:

> The Company shall be managed by Managers, initially Eli W.

> Tullis, Jr. and Rachael Tullis Gamble, and the Managers shall be elected by the Members as provided in the operating agreement of the Company.

Rec. Doc. 39-4 at 4. Ragweed has no operating agreement. Additionally, the Articles of Organization provide a mechanism for the amendment process in Article VII, which states:

> The approval of Members holding seventy-five percent (75%) of the outstanding Shares entitled to vote shall be required to amend these articles of organization.

Rec. Doc. 39-4 at 5. Plaintiff avers that the process enumerated in this amendment process should apply to the process of removing her as a manager. Furthermore, at oral argument, Plaintiff represented to the Court that an intention of the late-Deborah Tullis, who created Ragweed with the elder Tullis, is to create a higher threshold to replace the managers, so her daughter from a past marriage—Ms. Gambel—would be afforded more protection from removal. Plaintiff believes that an amendment to the Articles of Organization would be necessary for removing either of the initial mangers named in the Articles of Organization—herself or Defendant. Because a 75-percent super-majority was not obtained for the vote, she argues that she was improperly removed.

The Court begins with the basics. Here, Plaintiff urges the Court to embark on a fact-finding expedition to decipher the late-Deborah Tullis's intent in establishing Ragweed with her husband and her purpose of setting a higher threshold for removal of Ms. Gambel. The intent of the parties, however, is relevant only when a document is ambiguous.

As the Louisiana Civil Code provides, where "the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. Ragweed's Articles of Organization are interpreted under Louisiana's well-settled law governing contracts. *See* LSA R.S. §12:1304(A). "Contracts have the effect of law for the parties and the interpretation of a contract is the determination of the common intent of the parties." *Andersen v. Succession of Bergeron*, 217 So.3d 1248, 1256 (La.

7

App. 1 Cir. 4/12/17) (citations omitted).  The First Circuit Court of Appeal recently held in *Andersen v. Succession of Bergeron* that the interpretation of an LLC's articles of organization is subject to the rules of contract interpretation to determine the parties' intent:

> The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain, and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties.

*Andersen*, 217 So.3d at 1256-57. "Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance." *Id.* at 1257. If a contract provision is susceptible to different meanings, Louisiana courts will interpret it to have "a meaning that renders the provision effective, and not with one that renders it ineffective." *Id.* "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Id.*

Here, by its plain language, Ragweed's Articles of Organization appoints Plaintiff and Defendant as *initial* managers—not permanent managers.  Plaintiff's argument ignores the prevailing meaning of the word "initially" as it is used in Ragweed's Articles.  The generally prevailing meaning of the word "initially" is clear. As Defendant points out, "initially," the adverb form of "initial," means "at the beginning," "of or relating to the beginning," "incipient," "placed at the beginning," or "first." *See Cambridge Dictionary* (https://dictionary.cambridge.org/us/dictionary/english/initially); *see also Merriam-Webster Dictionary* (https://www.merriam-webster.com/dictionary/initial).  The Articles of Organization

8

states that "the Company shall be managed by Managers, initially Eli W. Tullis, Jr. and Rachael Tullis Gambel . . . ." Nothing in the Articles suggest that Plaintiff or Defendant are accorded heightened standard for their removal: they serve as managers, and like any other manager, are subject to removal as provided by § 1313 or otherwise enunciated in a company's Articles of Organization or operating agreement.

The Court's interpretation comports with existing corporate law and practice. Under Louisiana law, a newly-formed limited liability company must select initial managers, and must submit the names and "municipal addresses" of each initial manager to the Louisiana secretary of state in either its articles of organization, initial report or a supplementary report. *See* La. Rev. Stat. § 12:1305(E)(4); *see also* La. Rev. Stat. § 12:1312(D) (noting that a company's initial managers may be listed in its articles). A Louisiana LLC is not required to name its initial managers in its articles of organization, but it may do so, and the law is devoid of any suggestion that this confers any special status or immunity upon those initial managers. *See* La. Rev. Stat. § 1305(C)(2) (articles of organization "may set forth . . . [a] statement of whether and to what extent the limited liability company will be managed by managers."); *see also* La. Rev. Stat. § 12:1312(D).

Plaintiff attempts to force an argument to protect her manager status, but existing corporate practice and law simply do not support her effort. And Plaintiff has not presented any case or persuasive argument to support her posture. In fact, this Court finds that her interpretation would lead to absurd results. The concept of naming an LLC's initial management arises from Louisiana's business corporation statutes. Louisiana's LLC law generally draws on the state's corporate statutes, but is designed to offer less formality and more flexibility to Louisiana entities. 8 La. Civ. L. Treatise, Business Organizations § 44:1 ("most of the filing and other secretary-of-state-related rules came, with only minor changes, from the former Louisiana Business

Corporation Law."). The corporate statutes clearly anticipate that entities will name their initial management in their formation articles, and contain no indication that this action undercuts the company's ability to later remove those named individuals. *See* La. Rev. Stat. § 12:1-202(B)(1). Louisiana corporate law specifically allows companies to name their "initial directors"—the corporate equivalent of initial managers in the LLC context—in the corporation's articles of incorporation. *Id*. By doing so, the company does not confer any permanent or special status upon these initial directors solely by naming them in the corporation's articles. *See* La. Rev. Stat. § 12:1-808 (outlining broad shareholder removal power over directors). In fact, the law anticipates that these initial directors will serve limited terms, regardless of whether they are named in the company's articles. *See* La. Rev. Stat. § 12:1-805(A). To apply Plaintiff's interpretation would give initial managers more protection and power than intended.

Because Ragweed's Articles of Organization does not provide for a process to remove managers, this Court concludes that § 1313 applies here. Accordingly, Ragweed's October 2017 board vote to remove Plaintiff as a co-manager is valid: only a majority vote was needed.

**V.    RULE 56(F)(3) *SUA SPONTE* NOTICE**

Under the current version of Federal Rule of Civil Procedure 56(f), effective December 2010, a district court may grant summary judgment *sua sponte*. *See* Fed. R. Civ. P. 56(f). Specifically, Rule 56(f)(3) permits a court to grant summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute after giving notice of its intent to do so and a reasonable time for parties to respond. *Id.*

As the Court noted in its August 2017 Order and Reasons, the only issue that remains is whether judicial dissolution of Ragweed is warranted. *See generally* Rec. Doc. 15. Louisiana Revised Statute § 12:1335 provides for judicial dissolution of a limited liability company when "[o]n application by or for a member, any court of competent jurisdiction may decree dissolution

of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." Plaintiff's reason for seeking judicial dissolution is the inability of the co-managers to decide whether the company should be dissolved.

Now, because Plaintiff is no longer a manager and Defendant is the sole manager of Ragweed, the Court believes that judicial dissolution is not available as a remedy. Accordingly, the Court hereby notifies the parties that it is considering granting summary judgment *sua sponte* to Defendant pursuant to Rule 56(f)(3) because there is no longer irreconcilable differences between the co-managers such that it is "not reasonably practicable to carry on the business" of Ragweed. Plaintiff may file an opposition brief, no later than 30 days from the issuance of this Order. If Plaintiff files such a brief, Defendant may file a reply within 10 days. If Plaintiff fails to file a timely brief, then the Court will issue an Order granting summary judgment to Defendant.

## VI. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that Defendant's motion for partial summary judgment (Rec. Doc. 39) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (Rec. Doc. 47) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file an opposition to the Court's Rule 56(f)(3) *sua sponte* notice within 30 days from the issuance of this Order. If Plaintiff files such a brief, Defendant may file a reply within 10 days. If Plaintiff fails to file a timely brief, the Court will issue an Order granting summary judgment to Defendant, and this case will be dismissed.

New Orleans, Louisiana, this 7th day of February, 2018.

                                                                                   _____
                                                                                   **ELDON E. FALLON**
                                                                                    United States District Judge